# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

| | |
|---|---|
| S.S. WHITE TECHNOLOGIES INC., D/B/A SHUKLA MEDICAL, a Florida Corporation<br><br>    Plaintiff,<br><br>v.<br><br>MAHE MEDICAL USA,<br> a Colorado Corporation,<br><br>    Defendant. | Case No.:<br><br>**JURY TRIAL DEMANDED** |

## COMPLAINT

Plaintiff S.S. White Technologies Inc. D/B/A Shukla Medical ("Plaintiff" or "Shukla Medical") brings this action for trademark infringement, unfair competition, false advertising and false designation of origin, and related claims under Florida law for trademark infringement and unfair competition against Defendant Mahe Medical USA ("Defendant" or "Mahe"), and alleges as follow:

## THE PARTIES

1.  Plaintiff Shukla Medical is a privately-held company organized under the laws of Florida with a principal place of business located at 8300 Sheen Drive, St. Petersburg, FL, 33709.  Shukla Medical is in the business of researching, developing, manufacturing, and selling universal orthopedic extraction

instruments.

2. On information and belief, Defendant Mahe Medical USA is a privately held corporation organized under the laws of Colorado with its principal place of business located in 3821 Beech Street, Laramie, WY 82070. Mahe's is in the business of selling orthopedic, spine, and craniomaxillofacial (CMF) medical devices, implants and instruments manufactured by its parent company Mahe Medical GmbH, throughout the United States.

## JURISDICTION AND VENUE

3. This Court has jurisdiction over the subject matter of this action pursuant to 15 U.S.C. § 1121 (Lanham Act), 28 U.S.C. § 1331 (federal question), and 28 U.S.C. § 1338 (trademark and unfair competition).

4. This Court has supplemental jurisdiction over Plaintiff's Florida common law claims pursuant to 28 U.S.C. § 1367.

5. The Court further has jurisdiction over Shukla Medical's common law claims pursuant to 28 U.S.C. § 1332 because Plaintiff and Defendant are citizens of different states and the amount in controversy is higher than $75,000.

6. The Court has personal jurisdiction over Defendant because, upon information and belief, Defendant has marketed and sold medical equipment in the State of Florida. Fla Stat. §48.193(1)(a)(1), §48.193(1)(a)(2) and §48.193(1)(a)(6).

7. Venue is proper in this judicial district pursuant to 28 U.S.C. §1391(b)

because Defendant has marketed and sold medical equipment subject to this action in the State of Florida.

## STATEMENT OF FACTS

### The Shukla Medical Trademark

8. Shukla Medical provides universal orthopedic extraction technologies to the healthcare industry in the United States and abroad.

9. Shukla Medical provides universal orthopedic extraction technologies to the healthcare industry in the United States and abroad.

10. Shukla Medical has adopted and used continuously, since 2004, the trademark XTRACT-ALL (the "Shukla Medical Mark") in connection with the promotion and marketing of its surgical extraction technologies.

11. Shukla Medical has expended substantial time, money, and other resources in developing, advertising and otherwise promoting the Shukla Medical Mark.  As a result, the Shukla Medical Mark is recognized and associated by relevant consumers with Shukla Medical's services and products.

12. Extensive goodwill has developed in the Shukla Medical Mark and in connection with its use by Shukla Medical in the healthcare industry.  As a result of Shukla Medical's long, extensive, and exclusive use, the Shukla Medical Mark has become extremely well known and favorably regarded in the healthcare

industry.

13. On January 10, 2006 the United States Patent and Trademark Office issued Registration No. 3039254 (the "'254 Mark") to Shukla Medical for use of the XTRACT-ALL Mark in connection with orthopedic implant removal devices. Attached hereto as **Exhibit 1** is a true and correct coy of the registration certificate for the '254 Mark.

| Mark | Reg. Date | Reg. No. | Goods/Services |
|---|---|---|---|
| XTRACT-ALL | Jan. 10, 2006 | 3039254 | Hand-held and manually operated medical tools and instruments used in orthopedic implant removal procedures, namely mallets, ratchets, sockets, wrenches, pliers, screwdrivers, universal nail and rod extraction systems consisting primarily of orthopedic nails and nail rod extractors for use in orthopedic implant removal procedures, universal spine implant removal systems consisting primarily of thoracolumbar construct extractors, rod clamping pliers, open-end wrenches and counter-torque drivers, universal maxi ratcheting screwdriver system consisting primarily of bone screwdriver shafts and ratcheting screwdriver handle, universal mini ratcheting screwdriver removal system consisting primarily of small bone screwdriver shafts and a mini ratcheting screwdriver, universal compression hip screw removal system consisting primarily of trephines, chisels, extractors, and screwdriver, universal |

| | | | broken bone screw removal system consisting primarily of broken bone extractor shafts and screwdriver handle, universal stripped bone screw removal system consisting primarily of stripped bone screw extractor shafts, and sterilization cases |
|---|---|---|---|

14. The Shukla Medical Mark has been in continuous use since March 10, 2004 and has never been abandoned. Said registration is valid, subsisting in full force and effect, and has become incontestable pursuant to 15 U.S.C. § 1065.

15. The registration of the '254 Mark constitutes conclusive evidence of its validity and conclusive evidence of Shukla Medical's exclusive right to use the Shukla Medical Mark in connection with the goods identified therein.

16. The registration of the Shukla Medical Mark on January 10, 2006 provides notice to Defendant of Shukla Medical's priority, ownership, and exclusive rights in the Shukla Medical Mark.

17. Shukla Medical has acquired common law rights in the Shukla Medical Mark by its use of this mark throughout the United States.

**Defendant's Acts of Infringement and Unfair Competition**

18.     Upon information and belief, Mahe has sold and is currently selling orthopedic, spine, and craniomaxillofacial (CMF) medical devices, implants, and instruments, including instruments for orthopedic implant removal, manufactured by Mahe Medical GmbH in Germany, throughout the United States, including



Florida, under the trademark Xtracta-Screw (the "Xtracta-Screw Mark").  Attached hereto as **Exhibit 2** are true and accurate screenshots of Defendant's website pages showing Defendant's use of the Shukla Medical Mark.

19.     Upon information and belief, Defendant commenced using the Xtracta-Screw Mark in the U.S. in connection with its business in 2021, long after Shukla Medical began using its Shukla Medical Mark in 2004.

20.      Upon information and belief, Mahe uses the Xtracta-Screw Mark in connection with sales, advertising, marketing, and promotional activities which are targeted to the healthcare community.  Upon information and belief, Mahe promotes its business throughout the United States and Florida, including through its website https://mahemedical.com/products/xtracta-screw.

21. Shukla Medical has never authorized Defendant Mahe to use the "Xtracta-Screw" designation (the "Shukla Medical designation"), and Defendant adopted the Xtracta-Screw designation without Shukla Medical's consent.

22. Shukla Medical has priority over Defendant based on its registered mark and its use of the Shukla Medical Mark in commerce since at least as early as 2004, long prior to Defendant's use of the designation.

23. Defendant's use of the designation "Xtracta-Screw" is likely to cause confusion, mistake or deception as to the source or origin of its goods. This confusion is likely to damage Shukla Medical's goodwill and business reputation in the United States and Florida.

24. The designation of "Xtracta-Screw" is likely to be confused with the Shukla Medical Mark because the designation and mark are similar in appearance, sound, pronunciation, meaning, and overall commercial impression.

25. There is significant overlap between the Defendant's goods and Shukla Medical's, since they are both for identical goods i.e., orthopedic implant removal devices sold in the healthcare industry.

26. As such, Defendant's use of the designation "Xtracta-Screw" is likely to cause confusion, mistake, or deception as to the source or origin, sponsorship, or approval of its products. This confusion has and will continue to damage Shukla Medical's goodwill and business reputation.

27. Shukla Medical and Defendant use some of the same channels of marketing and target the same class of consumers, e.g., orthopedic departments of hospitals and orthopedic surgeons.

28. As such, consumers are likely to wrongly associate Defendant with Shukla Medical and assume that the designation "Xtracta-Screw" emanates from, or is approved, licensed, sponsored by, or otherwise affiliated with Shukla Medical.

29. Defendant's conduct is likely to result in consumer confusion.

30. Defendant's acts constitute trademark infringement of the Shukla Medical Mark. Defendant's infringement is willful, and with full knowledge of Shukla Medical's rights and interest in the Shukla Medical Mark.

31. Defendant's actions have been, and unless enjoined will continue to be, in violation of Federal and Florida State law governing trademark infringement and unfair competition and are causing and will cause damage and immediate and irreparable harm to Shukla Medical, including lost revenues, loss of control of its reputation, and loss of goodwill.

## COUNT I
## FEDERAL TRADEMARK INFRINGEMENT
## (15 U.S.C. §§ 1114-1117; Lanham Act § 32)

32. Shukla Medical repeats and realleges each of the allegations in the foregoing paragraphs as though fully set forth herein.

33. Defendant, without authorization from Shukla Medical, has used and is continuing to use a designation that is confusingly similar to Shukla Medical's Shukla Medical Mark, the registration of which has attained incontestable status.

34. The foregoing acts of Defendant are intended to cause, have caused, and are likely to continue to cause confusion, mistake, and deception among clients, the public, and the industry as to whether Defendant's products originate from, or are affiliated with, sponsored by, or endorsed by Shukla Medical.

35. Upon information and belief, Defendant has acted with knowledge of Shukla Medical's ownership of the Shukla Medical Mark and with deliberate intention or willful blindness to unfairly benefit from the goodwill symbolized thereby.

36. Upon information and belief, Defendant has made and will continue to make substantial profits and gains to which it is not entitled in law or equity.

37. Upon information and belief, Defendant intends to continue its infringing acts unless restrained by this Court.

38. As a direct and proximate result of Defendant's infringing activities, Shukla Medical has been or will be irreparably harmed and damaged. Shukla Medical's remedies at law are inadequate to compensate for this harm and damage.

39. Defendant's actions, as set forth above, and Defendant's use of the Shukla Medical Mark constitute or will constitute infringement of Shukla

Medical's registered trademark in violation of Lanham Act, 15 U.S.C. § 1114 and entitle Shukla Medical to an injunction against said use pursuant to 15 U.S.C. § 1116.

40. Defendant's infringement of Shukla Medical's trademark as alleged herein is an exceptional case and is intentional, entitling Shukla Medical to treble its actual damages, disgorgement of Defendant's profits, costs of this action, and to an award of reasonable attorneys' fees under 15 U.S.C. § 1117(a).

### COUNT II
### FALSE DESIGNATION OF ORIGIN AND UNFAIR COMPETITION
### (15 U.S.C. § 1125; Lanham Act § 43(a))

41. Shukla Medical repeats and realleges the allegations in the foregoing paragraphs 1-40 as though fully set forth herein.

42. Defendant's actions, as set forth above, are intended or are likely to confuse, mislead, or deceive clients, the public, and the industry as to the origin, source, sponsorship, or affiliation of Defendant's goods or services, or are intended or are likely to cause such parties to mistakenly believe that Defendant's goods have been authorized, sponsored, approved, endorsed or licensed by Shukla Medical, or that Defendant is in some way affiliated with Shukla Medical.

43. Such actions constitute unfair competition and false designation of origin in violation of the Lanham Act, 15 U.S.C. § 1125(a).

44. Upon information and belief, Defendant has acted willfully and

deliberately and has profited and been unjustly enriched.

45. By virtue of the foregoing, Defendant has caused Shukla Medical to suffer injuries for which it is entitled to recover compensatory damages in an amount to be determined at trial.

46. In addition, Defendant's acts are causing and continue to cause Shukla Medical irreparable harm in lost sales and revenue, loss of control over its reputation and loss of consumer goodwill.

47. This irreparable harm to Shukla Medical will continue, without any adequate remedy at law, unless and until Defendant's unlawful conduct is enjoined by this Court.

## COUNT III
## FALSE ADVERTISING
## (15 U.S.C. § 1125; Lanham Act § 43(a))

48. Shukla Medical repeats and realleges the allegations in paragraphs 1-40 as though fully set forth herein.

49. Defendant has advertised orthopedic, spine, and craniomaxillofacial (CMF) medical devices, implants, and instruments, including instruments for orthopedic implant removal, manufactured by Mahe Medical GmbH in Germany, throughout the United States, including Florida, under the trademark Xtracta-Screw (the "Xtracta-Screw Mark") on their website, in promotional literature, and in catalogs.

50. Defendant has generated and maintained these advertisements utilizing a mark that was purposely adopted to confuse consumers into believing they were purchasing products associated with Shukla Medical and their Shukla Medical Mark.

51. The content of the Defendant's advertising is therefore false and/ or misleading.

52. The advertising by the Defendant conscripting the Shukla Medical Mark has confused consumers and/or has the capacity to confuse consumers.

53. Defendant has utilized these false advertisements to misrepresent products sold throughout the United States in interstate commerce.

54. Shukla Medical has been harmed and is likely to continue to be harmed by the false advertising set forth by Defendant.

## COUNT IV
## COMMON LAW TRADEMARK INFRINGEMENT

55. Shukla Medical repeats and realleges the allegations in the foregoing paragraphs 1-40 as though fully set forth herein.

56. Shukla Medical owns all rights, title, and interest in and to the Shukla Medical Mark, including all common law rights in such mark.

57. Defendant, without authorization from Shukla Medical, has used and is continuing to use a designation that is confusingly similar to Shukla Medical's trademark.

58. The foregoing acts of Defendant are intended to cause, have caused, and are likely to continue to cause confusion, mistake, and deception among clients, the public, and the industry as to whether Defendant's products originate from, or are affiliated with, sponsored by, or endorsed by Shukla Medical.

59. Upon information and belief, Defendant has acted with knowledge of Shukla Medical's ownership of the Shukla Medical Mark and with deliberate intention or willful blindness to unfairly benefit from the goodwill symbolized thereby.

60. Defendant's actions, as set forth above, and Defendant's use of the Shukla Medical Mark constitute or will constitute common law trademark infringement in violation of Florida common law.

61. Upon information and belief, Defendant has made and will continue to make substantial profits and gains to which it is not entitled in law or equity.

62. Defendant's acts are causing and continue to cause Shukla Medical irreparable harm in lost sales and revenue, loss of control over its reputation and loss of consumer goodwill.

63. Upon information and belief, Defendant intends to continue its infringing acts unless restrained by this Court.

64. Defendant's acts have damaged and will continue to damage Shukla Medical, and

Shukla Medical has no adequate remedy at law.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff Shukla Medical respectfully requests that this Court enter judgment against Defendant as follows:

A. Preliminary and permanent injunctive relief enjoining and restraining Defendant and its officers, directors, agents, employees, attorneys, and all other persons in privity or acting in concert with them from using orally, in writing, in connection with any product or media, the Shukla Medical designation or any term, mark, logo, trade name, Internet domain name or any other identifier or symbol of origin that is confusingly similar to the Shukla Medical Mark;

B. Finding that (1) Defendant has violated Section 32 of the Lanham Act (15 U.S.C. § 1114); (2) Defendant has violated Section 43(a) of the of the Lanham Act (15 U.S.C. § 1125(a)); and (3) Defendant has committed acts of trademark infringement in violation of Florida common law;

C. Award such damages as Plaintiff shall establish in consequence of Defendant's acts of trademark infringement, false designation of origin, and unfair competition, including interest and an award of three times the amount of actual damages pursuant to 15 U.S.C. § 1117;

D. That this case be deemed an exceptional case and award Shukla Medical its costs and expenses, including its reasonable attorney's fees to the full

extent provided by Section 35 of the Lanham Act (15 U.S.C. § 1117);

  E. Order Defendant to recall and deliver up for destruction any and all goods, product packaging, promotional materials, and all other material which bears the Shukla Medical designation pursuant to 15 U.S.C. § 1117;

  F. Order that Defendant and its officers, directors, agents, employees, attorneys, and all other persons in privity or acting in concert with them take affirmative steps to dispel any actual confusion that heretofore has been created by the trademark infringement described above;

  G. Order Defendant, pursuant to Section 34(a) of the Lanham Act, 15 U.S.C. § 1116(a), to file with this Court and to serve on Shukla Medical within thirty days after entry of the injunction a report in writing under oath setting forth in detail the manner and form in which Defendant has complied with the injunction; and

  H. Grant such other and further relief as the Court deems just and proper.

## JURY DEMAND

Plaintiff demands a trial by jury for all issued so triable as a matter of right.

DATED: December 18, 2023  Respectfully submitted,

           By: _Zachary D. Messa_____

**JOHNSON, POPE, BOKOR,
RUPPEL & BURNS, LLP**

<u>/s/ *Zachary D. Messa, Esq.*</u>
Zachary D. Messa, Esquire
Florida Bar No.: 513601
311 Park Place Blvd., Suite 300
Clearwater, FL  33759
Tel: 727-461-1818 / Fax: 727) 462-0365
Email: ZacharyM@jpfirm.com
*Attorney(s) for Plaintiffs*
Frank R. Jakes, Esquire
Florida Bar No.: 372226
401 E. Jackson St., Suite 3100
Tampa, FL 33602
Tel: 813-225-2500 / Fax: 813-223-7118
Email: FrankJ@jpfirm.com


(subject to Pro Hac Vice admittance)
Y. Jae Kim, Esq.
Firouzeh Nur-Vaccaro, Esq.
**KIM IP LAW GROUP LLC**
129 W. Evesham Road
Voorhees, NJ 08043
Tel: (856) 520-8988
yjaekim@kimiplawgroup.com
firouzehnurvaccaro@kimiplawgroup.com

***ATTORNEYS FOR PLAINTIFFS***