```
              UNITED STATES DISTRICT COURT
               MIDDLE DISTRICT OF FLORIDA
                     TAMPA DIVISION

S.S. WHITE TECHNOLOGIES INC.,
D/B/A SHUKLA MEDICAL,

         Plaintiff,

v.                              Case No. 8:22-cv-2955-VMC-TGW

MAHE MEDICAL USA,

         Defendant.
_____/
```

**ORDER**

This matter is before the Court on consideration of Defendant Mahe Medical USA's Motion to Dismiss Plaintiff's Complaint (Doc. # 22), filed on April 16, 2024. Plaintiff S.S. White Technologies Inc., which does business as Shukla Medical, responded on May 7, 2024. (Doc. # 26). With leave of Court, Mahe Medical filed a reply on May 20, 2024 (Doc. # 32), and Shukla Medical filed a sur-reply on July 31, 2024. (Doc. # 38). For the reasons that follow, the Motion is granted.

**I.   Background**

According to the complaint, "Shukla Medical provides universal orthopedic extraction technologies to the healthcare industry in the United States and abroad." (Doc. # 1 at 3). "Shukla Medical has adopted and used continuously,

1

since 2004, the trademark XTRACT-ALL (the 'Shukla Medical Mark') in connection with the promotion and marketing of its surgical extraction technologies." (Id.).

"Upon information and belief, Mahe [Medical] has sold and is currently selling orthopedic, spine, and craniomaxillofacial (CMF) medical devices, implants, and instruments, including instruments for orthopedic implant removal, manufactured by Mahe Medical GmbH in Germany, throughout the United States, including Florida, under the trademark Xtracta-Screw (the 'Xtracta-Screw Mark')." (Id. at 6). Mahe Medical allegedly "commenced using the Xtracta-Screw Mark in the U.S. in connection with its business in 2021, long after Shukla Medical began using its Shukla Medical Mark in 2004." (Id.).

"Shukla Medical has never authorized Defendant Mahe [Medical] to use the 'Xtracta-Screw' designation (the 'Shukla Medical designation'), and Defendant adopted the Xtracta-Screw designation without Shukla Medical's consent." (Id. at 7). Shukla Medical alleges that Mahe Medical's "actions have been, and unless enjoined will continue to be, in violation of Federal and Florida State law governing trademark infringement and unfair competition and are causing and will cause damage and immediate and irreparable harm to Shukla

Medical, including lost revenues, loss of control of its reputation, and loss of goodwill." (Id. at 8).

On December 18, 2023, Shukla Medical initiated this action, asserting one count of federal trademark infringement, one count of false designation of origin and unfair competition, one count of false advertising, and one count of common law trademark infringement. (Id. at 8-15). In the complaint, Shukla Medical alleges that "[t]he Court has personal jurisdiction over [Mahe Medical] because, upon information and belief, [Mahe Medical] has marketed and sold medical equipment in the State of Florida. Fla Stat. §48.193(1)(a)(1), §48.193(1)(a)(2) and §48.193(1)(a)(6)." (Id. at 2).

Now, Mahe Medical moves to dismiss the complaint for lack of personal jurisdiction under Federal Rule of Civil Procedure 12(b)(2), or, alternatively, for failure to state a claim under Rule 12(b)(6). (Doc. # 22). In support, Mahe Medical attaches the affidavit of its Chief Executive Officer, Keith Hamilton. (Doc. # 22-1). Therein, Hamilton affirms that Mahe Medical is a Colorado limited liability company, with its principal place of business located in Golden, Colorado, and a fulfillment warehouse located in Laramie, Wyoming. (Id. at ¶ 2-3). Among other things, Mahe

3

Medical "does not operate, conduct, engage in or carry on its business or business venture within the State of Florida," "does not operate any physical locations within the State of Florida nor does it have any assets within the State of Florida," and "does not have any sales agents, employees, account managers, or representatives within the State of Florida." (Id. at ¶¶ 6, 7, 8).

Additionally, Hamilton "prepared [an] attached exhibit within the regular course of business which demonstrates the location of sales within the past two years . . . taken directly from [the] company's software which tracks [Mahe Medical's] sales." (Id. at ¶¶ 14, 28). The prepared exhibit demonstrates that there were "no sales to the State of Florida," in 2022 and 2023. (Doc. # 22 at 5; Doc. # 22-2). Contrary to Shukla Medical's allegation, Mahe Medical asserts that it began selling the product with the allegedly infringing mark in 2022, not 2021. (Doc. # 32 at 2-3).

Shukla Medical has responded (Doc. # 26), Mahe Medical has filed a reply (Doc. # 32), and Shukla Medical has filed a sur-reply. (Doc. # 38). The Motion is now ripe for review.

II. **Legal Standard**

Florida's exercise of personal jurisdiction over a non-resident, such as Mahe Medical, "must accord with Florida's

4

long-arm statute and with the Due Process Clause of the Fourteenth Amendment." Volt, LLC v. Volt Lighting Grp. LLC, 369 F. Supp. 3d 1241, 1245 (M.D. Fla. 2019). Thus, motions to dismiss for lack of personal jurisdiction pursuant to Rule 12(b)(2) are governed by a two-part analysis. First, the Court determines whether the plaintiff has alleged facts sufficient to subject the defendant to the forum state's long-arm statute. Future Tech. Today, Inc. v. OSF Healthcare Sys., 218 F.3d 1247, 1249 (11th Cir. 2000). Second, the Court evaluates whether sufficient minimum contacts exist between the defendant and the forum state, such that jurisdiction does not offend "traditional notions of fair play and substantial justice." Id.

The plaintiff has the initial burden of showing that the Court has personal jurisdiction over the defendant. Meier ex rel. Meier v. Sun Int'l Hotels, Ltd., 288 F.3d 1264, 1268-69 (11th Cir. 2002). The plaintiff must allege "sufficient facts to make out a prima facie case of jurisdiction." Estate of Scutieri v. Chambers, 386 F. App'x 951, 956 (11th Cir. 2010) (citation omitted).

Once the plaintiff establishes a prima facie case of jurisdiction, the burden then shifts to the defendant to challenge those allegations. Meier, 288 F.3d at 1269.

5

Conclusory allegations are insufficient. Id. If the defendant submits affidavits challenging jurisdiction, the burden shifts back to the plaintiff to substantiate the factual allegations in the complaint with evidence supporting jurisdiction. Id. Ultimately, reasonable inferences are drawn in the plaintiff's favor if evidence conflicts. Madara v. Hall, 916 F.2d 1510, 1514 (11th Cir. 1990). However, doubts about the Florida long-arm statute's reach and the Court's jurisdiction are resolved in favor of the defendant and against jurisdiction. Gadea v. Star Cruises, Ltd., 949 So. 2d 1143, 1150 (Fla. 3d DCA 2007).

**III. Analysis**

Mahe Medical seeks dismissal of the complaint for lack of personal jurisdiction, or, alternatively, for failure to state a claim. Because the Court grants the motion to dismiss based on personal jurisdiction, the Court will not analyze the failure to state a claim arguments.

    **A.     Florida's Long-Arm Statute**

Florida's long-arm statute, Section 48.193(1)(a) states in relevant part:

> A person, whether or not a citizen or resident of this state, who personally or through an agent does any of the acts enumerated in this subsection thereby submits himself or herself and, if he or she is a natural person, his or her personal

6

> representative to the jurisdiction of the courts of this state for any cause of action arising from any of the following acts:
>
> 1. Operating, conducting, engaging in, or carrying on a business or business venture in this state or having an office or agency in this state.
>
> 2. Committing a tortious act within this state.
>
> . . .
>
> 6. Causing injury to persons or property within this state arising out of an act or omission by the defendant outside this state, if, at or about the time of the injury, either:
>
>> a. The defendant was engaged in solicitation or service activities within this state; or
>>
>> b. Products, materials, or things processed, serviced, or manufactured by the defendant anywhere were used or consumed within this state in the ordinary course of commerce, trade, or use.

Fla. Stat. § 48.193(1)(a)(1), (2), and (6). Thus, a "non-resident [] falls within the long-arm statute if the cause of action arises out of a tortious act committed within Florida." Uniters N. Am., LLC v. ServeCo Int'l, Inc., No. 8:21-cv-2381-CEH-AAS, 2022 WL 4464846, at *6 (M.D. Fla. Sept. 26, 2022). "Trademark infringement is a tortious act under the long-arm statute." Volt, LLC, 369 F. Supp. 3d at 1245.

Again, the complaint alleges that Mahe Medical has, "upon information and belief, [] marketed and sold medical

7

equipment in the State of Florida." (Doc. # 1 at 2). Moreover, Shukla Medical bases its jurisdictional allegations on Section 48.193(1)(a)(2), and hinges its argument on <u>Licciardello v. Lovelady</u>, 544 F.3d 1280, 1283 (11th Cir. 2008). (Doc. # 26 at 5-6). As set forth below, the Court is not persuaded.

In its Motion, Mahe Medical argues that Shukla Medical "has failed to properly assert the necessary jurisdictional facts; specifically, it merely states that '[u]pon information and belief' this Court has jurisdiction over [Mahe Medical]." (Doc. # 22 at 3). That is, the complaint contains "no indication that the [allegedly infringing] product is sold to the state of Florida," and Shukla Medical has "fail[ed] to provide any evidence or examples of how [Mahe Medical] has sold, marketed, produced, or in any way availed itself to doing business within the State of Florida." (<u>Id.</u>).

Indeed, Mahe Medical's affidavit, provided by its CEO under penalty of perjury, refutes the jurisdictional allegations in Shukla Medical's complaint. The affidavit asserts in part that, "at the times of the alleged 'injury' discussed in the underlying Complaint, [Mahe Medical] was not engaged in solicitation or service activities within the State of Florida nor did [Mahe Medical] use, consume, or

8

manufacture any products, materials, or things processed or serviced within the State of Florida in its ordinary course of business." (Doc. # 22-1 at ¶ 11). The Mahe Medical CEO substantiates his claims with documentation showing that Mahe Medical made no sales in Florida in 2022 and 2023. (Doc. # 22 at 5; Doc. # 22-2).

Shukla Medical responded by questioning Mahe Medical's "selective presentation of data regarding [the] narrow window of time" between 2022 and 2023, and claiming that Mahe Medical "failed to provide a legally sufficient Declaration or other sworn proof countering the [jurisdictional] allegations." (Doc. # 26 at 4). In response, Mahe Medical claims that it did not begin selling the allegedly infringing product until 2022 and, therefore, the provided documentation is "more than a 'selective presentation' as it is the entire presentation." (Doc. # 32 at 2-3). Nevertheless, the Mahe Medical CEO, in addition to providing the 2022-2023 sales documentation, declared that Mahe Medical did not engage with Florida "at the times of the alleged 'injury' discussed in the underlying Complaint." (Doc. # 22-1 at ¶ 11).

"The Florida Supreme Court has held that a defendant need not be physically present in Florida to commit a tortious act under the long-arm statute, as committing a tortious act

9

can occur when a nonresident defendant posts electronic communications on a website accessible and accessed in Florida." Estes v. Rodin, 259 So. 3d 183, 191 (Fla. 3d DCA 2018) (citing Internet Sols. Corp. v. Marshall, 39 So.3d 1201, 1208 (Fla. 2010)). Mahe Medical's website was undeniably accessible in Florida and appears to have permitted the online purchase of the allegedly infringing product, including presumably by Florida residents. (Doc. # 1-2 at 3-4).

However, while Shukla Medical relies on Licciardello and the accessibility of Mahe Medical's website in Florida to establish jurisdiction, there is no evidence that the website was accessed in Florida. See Volt, LLC., 369 F.Supp.3d at 1246 ("But Licciardello pre-dates the Supreme Court of Florida's governing directive in Internet Solutions, which requires not only the website's accessibility in Florida but the website's viewing in Florida to subject a non-resident to Florida's jurisdiction under the long-arm statute."). In fact, according to Mahe Medical's affidavit and documentation, Mahe Medical made no sales in Florida since at least the time it began selling the allegedly infringing product. The Court, therefore, concludes that Shukla Medical has not sufficiently pled jurisdiction.

10

B. **Due Process**

Even if Shukla Medical had sufficiently pled that Mahe Medical was subject to Florida's long-arm statute, Shukla Medical has not shown that the exercise of personal jurisdiction over Mahe Medical in this Court comports with due process.

"In specific personal jurisdiction cases, we apply the three-part due process test, which examines: (1) whether the plaintiff's claims 'arise out of or relate to' at least one of the defendant's contacts with the forum; (2) whether the nonresident defendant 'purposefully availed' himself of the privilege of conducting activities within the forum state, thus invoking the benefit of the forum state's laws; and (3) whether the exercise of personal jurisdiction comports with 'traditional notions of fair play and substantial justice.'" Louis Vuitton Malletier, S.A. v. Mosseri, 736 F.3d 1339, 1355 (11th Cir. 2013) (citations omitted). If Shukla Medical meets its burden of establishing the first two prongs, then Mahe Medical must make a "compelling case" that this Court's exercise of personal jurisdiction over it "would violate traditional notions of fair play and substantial justice." Id. (citing Diamond Crystal Brands, Inc. v. Food Movers Int'l, Inc., 593 F.3d 1249, 1267 (11th Cir. 2010)).

11

The first prong of the analysis "must focus on the direct causal relationship between the defendant, the forum, and the litigation." Id. (quoting Fraser v. Smith, 594 F.3d 842, 850 (11th Cir. 2010)). One approach to determining if the contact relates to the cause of action is whether the contact is "a 'but-for' cause of the tort." Fraser, 494 F.3d at 850 (citation omitted). Here, Mahe Medical's operation of a website, without sales to or other contacts with Florida, is not a but-for cause of the alleged trademark infringement. Even if the Court were to find that Shukla Medical's claims do arise from Mahe Medical's activity of running a website accessible to Floridians, Shukla must still satisfy the next prong of the due process analysis.

The second prong of the analysis focuses on whether the defendant purposefully availed itself of the forum state. "In intentional tort cases, there are two tests to determine whether purposeful availment has occurred: the effects test articulated in Calder v. Jones, 465 U.S. 783 [] (1984), and the traditional minimum contacts test for purposeful availment." Toll v. North, 644 F. Supp. 3d 1050, 1054 (S.D. Fla. 2022) (citing Louis Vuitton Malletier, S.A., 736 F.3d at 1356). Shukla Medical has failed to establish this Court's jurisdiction over Mahe Medical under either of these tests.

Under the effects test, purposeful availment may be established if the non-resident defendant: "(1) committed an intentional tort (2) that was directly aimed at the forum, (3) causing an injury within the forum that the defendant should have reasonably anticipated." Oldfield v. Pueblo De Bahia Lora, S.A., 558 F.3d 1210, 1221 n.28 (11th Cir. 2009).

Alternatively, "[u]nder the minimum contacts test for purposeful availment, we assess the nonresident defendant's contacts with the forum state and ask whether those contacts: (1) are related to the plaintiff's cause of action; (2) involve some act by which the defendant purposefully availed himself of the privileges of doing business within the forum; and (3) are such that the defendant should reasonably anticipate being haled into court in the forum." Louis Vuitton Malletier, S.A., 736 F.3d at 135.

Mahe Medical argues that it "does not have the minimum contacts within the State of Florida necessary to confer personal jurisdiction." (Doc. # 22 at 5). Mahe Medical further argues that Shukla Medical "merely cites to [Mahe Medical's] website, but still fails to provide a single piece of evidence demonstrating a connection to Florida – specifically the exhibits and allegations only demonstrate that [Mahe Medical] is a company operating in the United States." (Id. at 6). In

13

contrast, Mahe Medical's exhibits show that Mahe Medical "made no sales to the State of Florida" and "has no attachment to the State of Florida." (Id. at 5). The Court agrees.

Besides a generally accessible website, the only alleged connection between Mahe Medical and Florida is its alleged infringement of Shukla Medical's trademark, with Shukla Medical being a resident of Florida. According to Shukla Medical, an accessible website and a plaintiff's residence in the forum state is enough to satisfy minimum contacts and the effects test under Licciardello. (Doc. # 38 at 4-5). However, "[Shukla Medical's] reliance on Licciardello is again unavailing. Licciardello is expressly limited to the facts in that case and 'do[es] not . . . establish any general rule for personal jurisdiction in the internet context.'" Volt, LLC, 544 F.3d at 1288 n.8; see also DCS Real Est. Invs., LLC v. Bella Collina Events, LLC, No. 5:14-cv-678-JSM-PRL, 2015 WL 628586, at *4 (M.D. Fla. Feb. 12, 2015) ("Both Licciardello and Panavision operate from the principle that, without more, a trademark violation is insufficient to establish jurisdiction over a non-resident defendant.").

Unlike in Licciardello – where a Florida plaintiff's trademarked name and likeness were expressly used to convey endorsement on an accessible website, 544 F.3d at 1282-83 –

14

here, Mahe Medical's website was neither directly nor expressly aimed at Shukla Medical. Shukla Medical has not demonstrated otherwise. See DCS Real Est. Invs., LLC, 2015 WL 628586 at 4 ("Because the plaintiff has failed to establish that [defendant] expressly aimed its trademark violation at [plaintiff], anticipating that it would cause harm to [plaintiff], the Court concludes that the 'effects' test has not been met.").

Moreover, that Mahe Medical made no sales to Florida during 2022 and 2023 further supports the finding that it did not establish minimum contacts with Florida. Cf. Volt, LLC, 369 F.Supp.3d at 1248-49 (concluding that defendant did not purposefully avail itself, despite making limited sales to Florida that could not be traced to the allegedly infringing website). Absent more, a defendant does not establish minimum contacts by merely operating a website. Id. at 1248. Adopting such a standard would open every company with a website to jurisdiction in virtually any state. The Court therefore concludes that neither the effects test nor the traditional minimum contacts test has been met.

Finally, the last prong of the due process analysis requires that "the maintenance of the suit [] not offend 'traditional notions of fair play and substantial justice.'"

15

Int'l Shoe Co. v. Washington, 326 U.S. 310, 316 (1945) (citation omitted). "In this analysis, [the Court] consider[s] these factors: (1) 'the burden on the defendant'; (2) 'the forum's interest in adjudicating the dispute'; (3) 'the plaintiff's interest in obtaining convenient and effective relief'; and (4) 'the judicial system's interest in resolving the dispute.'" Louis Vuitton Malletier, S.A., 736 F.3d at 1358.

The Court acknowledges the substantial burden that litigating in Florida would impose on Colorado-based Mahe Medical, the convenience sought by Florida-based Shukla Medical, as well as Florida's potential interest in adjudicating a dispute involving its resident. However, because the Court concludes that the first two prongs of the due process analysis have not been met, the Court need not weigh the "fair play and substantial justice" concerns raised by Mahe Medical.

Thus, the claims against Mahe Medical are dismissed without prejudice for lack of personal jurisdiction.

Accordingly, it is hereby

**ORDERED, ADJUDGED,** and **DECREED:**

(1) Defendant Mahe Medical USA's Motion to Dismiss Plaintiff's Complaint (Doc. # 22) is **GRANTED.**

(2)  The complaint is **DISMISSED** without prejudice for lack of personal jurisdiction.

(3)  The Clerk is directed to enter judgment accordingly and, thereafter, **CLOSE** the case.

**DONE** and **ORDERED** in Chambers in Tampa, Florida, this 31st day of October, 2024.

VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE